IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KATHY L. OBERMEIER                                                                              PLAINTIFF

v.                             Civil No. 07-3057

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kathy Obermeier, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for period of disability, disability insurance benefits (DIB), and supplemental security income ("SSI") pursuant to Titles II and XIV of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural Background**

The plaintiff protectively filed her applications for DIB and SSI on February 1, 2005, alleging an onset date of January 1, 2004, due to depression, hypertension, hand and foot problems, and vision problems. (Tr. 13, 49-53, 62, 105, 193-196). An administrative hearing was held on April 18, 2007, and an unfavorable decision followed. (Tr.13-19, 204-230). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 44 years old and possessed the equivalent of a high school education. (Tr. 28, 115, 303). The record reveals that she had past

relevant work experience ("PRW") as a civilian employee equal to an administrative clerk position and as a tech equal to a secretary. (Tr. 13, 63, 87-94, 208-209, 215-216).

On July 17, 2007, the Administrative Law Judge ("ALJ") determined that plaintiff suffered from a combination of severe impairments, but did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr.15-16). She found that plaintiff maintained the RFC to perform medium work limited by her inability to perform work requiring climbing ladders, ropes, or scaffolds and need to avoid unprotected heights, dangerous equipment, and moving machinery. (Tr. 16). The ALJ also indicated that plaintiff's work needed to allow for her reduced field vision and depth perception in her left eye. With the assistance of a vocational expert, the ALJ determined that plaintiff could return to her PRW as an administrative clerk and secretary. (Tr. 18).

The plaintiff appealed this decision to the Appeals Council, but her request for review was denied on September 17, 2007. (Tr. 2-4). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 7, 8).

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

2

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**Discussion**

Of particular concern to the undersigned is the ALJ's conclusion that plaintiff's mental impairment was non-severe. An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. *See Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *id.* at 158, 107 S.Ct. 2287 (O'Connor, J., concurring); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two. *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir.2007). It is the claimant's burden to establish that his impairment or combination of impairments are severe. *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir.2000). Severity is not an onerous requirement for the claimant to meet, *see Hudson v. Bowen,* 870 F.2d 1392, 1395 (8th Cir.1989), but it is also not a toothless standard, and we have upheld on numerous occasions the Commissioner's finding that a claimant failed to make this showing. See, e.g., Page, 484 F.3d at 1043-44; *Dixon v. Barnhart,* 353 F.3d 602, 605 (8th Cir.2003); *Simmons,* 264 F.3d at 755; *Gwathney v. Chater,* 104 F.3d 1043, 1045 (8th Cir.1997); *Nguyen v. Chater,* 75 F.3d 429, 431 (8th Cir.1996).

The evaluation of a mental impairment is often more complicated than the evaluation of a claimed physical impairment. *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996).

Evidence of symptom-free periods, which may negate the finding of a physical disability, do not compel a finding that disability based on a mental disorder has ceased. *Id*. Mental illness can be extremely difficult to predict, and remissions are often of "uncertain duration and marked by the impending possibility of relapse." *Id.* Individuals suffering from mental disorders often have their lives structured to minimize stress and help control their symptoms, indicating that they may actually be more impaired than their symptoms indicate. *Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir.2001); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(E) (1999). This limited tolerance for stress is particularly relevant because a claimant's residual functional capacity is based on their ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (abrogated on other grounds).

On October 7, 2005, plaintiff underwent a general physical exam. (Tr. 124-130). Along with physical complaints, plaintiff also reported problems with depression and anxiety. The doctor diagnosed her with depression and anxiety and noted mild limitations in her ability to walk, stand, sit, lift, carry, and see. (Tr. 130).

On October 18, 2005, plaintiff underwent a mental status evaluation with Dr. Adam Brazas. (Tr. 131-139). Plaintiff reported difficulty sleeping, having nothing to look forward to, wanting to sleep all of the time, deteriorating vision in her right eye, and blindness in her left eye. She had no history of impatient or outpatient treatment for mental/emotional health. Dr. Brazas noted that she was cooperated but rather reserved, denied experiencing hallucinations, and showed no indicia of delusion of paranoia. The content of her speech was lucid, rational, and adequate. Dr. Brazas diagnosed her with dysthymic disorder and assessed her with a global

assessment of functioning score ("GAF") of 55. (Tr. 131-139). A score of 55 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. *See See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 33 (4th ed. 2000).

In December 2006, plaintiff was diagnosed with major depression and borderline personality disorder. (Tr. 179-183). She was noted to have difficulty abstracting which troubling to the examiner due to similar tendencies seen in schizophrenia patients. Plaintiff was taking Zoloft, but had poor insight into problems and was irritable. Her prognosis was noted to be only fair with appropriate support. (Tr. 179-183).

On February 13, 2007, plaintiff was diagnosed with major depressive disorder and mild anxiety. (Tr. 175). She was also assessed with a GAF of 45. (Tr. 175). A GAF of 45 is evidence of serious symptoms or a serious impairment in social, occupational, or school functioning. *Id*.

In spite of this evidence, the ALJ determined that plaintiff's mental impairment was non-severe. As this evidence clearly suggests more than just a slight abnormality that would significantly limit plaintiff's physical or mental ability to do basic work activities, remand is necessary to allow the ALJ to reevaluate plaintiff's mental impairments.

## **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 3rd day of November 2008.

　　　　　　　　　　　　　　　　　　/s/ *J. Marschewski*
　　　　　　　　　　　　　　　　　　HON. JAMES R. MARSCHEWSKI
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE